**STALNAKER v. HOWARD.**

No. 12176.

Court of Civil Appeals of Texas. Galveston.

April 27, 1950.

Rehearing Denied June 1, 1950.

Berry, Richards & Baker, T. E. Richards, Jr., and John S. Boles, all of Houston, for appellant.

Jack H. Reeves, of Houston, for appellee.

CODY, Justice.

This was an action by a roofing contractor against the owner of the building located at 7040 Harrisburg Boulevard in Houston, to recover the sum of $425, alleged to be the balance due upon a written contract dated July 21, 1946.

The contractor alleged the contract, appending a copy to his petition, and that by its terms he agreed to install a built-up roof on the top section of the building for the consideration of the owner's promise to pay therefor the sum of $850. He further alleged full performance whereby the owner became bound to pay the agreed consideration; that the owner paid $425 thereof, but has refused to pay the balance, etc.

The owner's answer consisted of a general denial, and of a special plea that the contractor had failed to complete the job as a waterproof roof; that the roof leaked after the first rain; and that he, the owner, repeatedly demanded that the contractor make the roof waterproof, but this repeated demand was refused, and that it was necessary to employ other contractors to repair the leaks, "and in the event this

defendant owes plaintiff anything * * * then this defendant sets up the sums he was required to pay other contractors to complete the job which was included in the contract price as an off-set against any sums which defendant might owe plaintiff", etc.

By his supplemental petition, the contractor traversed generally the allegations of the owner's answer.

The court, trying the case without a jury, rendered judgment on October 17, 1949, that the plaintiff-contractor recover from the defendant-owner the sum of $350, with interest at the legal rate from the date of judgment, and costs, etc., from which judgment this appeal is prosecuted.

On November 28, 1949, appellant filed "Defendant's Request for Certain Findings of Fact and Conclusions of Law", specifying the conclusions of fact and law which he desired. The same were by the court "refused" on December 19, 1949, but on December 12, 1949, filed findings of fact and conclusions of law "In response to the request of the Defendant * * *". The court made numerous findings of fact, —the substance of those which are deemed material being:

(I, II) The court set forth appellee's proposal and appellant's modified acceptance (which were attached to appellee's petition) and which (omitting immaterial portions were as follows:

"Re: 7040 Harrisburg
"Top Section
"Dear Dr. Stalnaker:
"This will confirm our telephone conversation of this date:
"1. We propose to install a built-up roof which we will guarantee to give satisfactory waterproof service for a period of ten (10) years, by either of the following methods.
"a. Spud all gravel from present roof deck and sweep surface clean.
"b. Patch all visible breaks in roof.
"c. Install either one ply 53# felt or two ply 15# felt by mopping to old roof with an average of 30# high temperature asphalt per square and then covering top or exposed side of felt with 60# high temperature asphalt per square and then rethrowing gravel.
"2. We will repair walls and flashings and waterproof the walls by method of mopping two ply 15# roofing felt over same and surface mopping the top layer of felt.

"The price for the above work, for both labor and material, will be $850.00. As stated above we will guarantee the roof to be waterproof for a period of ten (10) years. As acceptance of this proposal, you may sign at the bottom in a place for this purpose.
* * * * *
"Accepted 7/20/46 for 53# felt and flashings and to replace all broken roof tiles and discolored ones, and to pay one-half on completion and balance thirty days after hard rain."

(III) That appellee installed the built-up roof and repaired walls and flashing according to the terms of his proposal and replaced all broken and discolored roof tile on such building in accordance with the conditional acceptance of appellant, fulfilling every obligation under said contract except future obligations which might arise under his ten-year guarantee.

(IV, V, VI) That appellee completed his job in a workmanlike manner, with such materials as agreed upon about August 1, 1946; and appellant thereupon paid $425, and that within a few days a hard rain occurred, and the balance of $425 has been owed by appellant to appellee since October 1, 1946.

(VII, VIII, IX) That the roof had ornamental slopes on the west, north and east sides, which slopes were covered with tile which extended over a width of from six to seven feet over the building. "That the ornamental slopes * * * were not included within the contract * * * except that plaintiff agreed to replace broken and discolored tile on such slopes under

conditional acceptance of Defendant, the duty of plaintiff to replace same being limited to such tile needing replacement on the date of such acceptance by Defendant." And the guaranty that the built-up roof would give waterproof service for ten years did not apply to the section of the roof made up of the ornamental slopes covered with tile on the west, north and east sides of the building.

(X, XI) That after the completion of the work, appellant complained to appellee of the leaks around the west, north, and east walls, and refused to pay the balance until the leaks had been stopped. Said leaks were caused by faulty roofing which covered the ornamental tile slopes, aforesaid, and said portion of the roof was not covered by the contract sued on.

(XII) "That after plaintiff completed his work under the contract with defendant, the sum of seventy-five dollars was spent by defendant to correct work done by plaintiff, said sum being spent for the elimination of buckling of said roof and the repair of flashings around one skylight located on the portion of the roof involved in such contract, and that all other sums spent by Defendant for repairs to the roof on such building were spent for repairs not included within Plaintiff's contract or any warranty thereunder."

Appellant predicates his appeal upon twelve points, covering some six pages of his brief. This disregard of Rule 418, Texas Rules Civil Procedure, prevents our setting the points forth in our opinion for individual discussion. But the boiled-down substance of appellant's points is:

That appellee sought recovery for full performance of the contract; that is, recovery of the unpaid balance of $425, and did not sue in the alternative for recovery for substantial performance or sue in quantum meruit, and the court erroneously awarded recovery in the sum of $350,— i. e., allowed recovery for substantial performance, or in quantum meruit. That appellee's obligation was to deliver a waterproof roof, guaranteed to be to appellant's satisfaction for ten years, and the undisputed evidence showed appellee failed in said obligation. Appellant also complains

of the court's findings of fact III, IV, V, VI, and XII, because same were contrary to the evidence, or against the great weight of the evidence. Appellant also complained of the court's failure to make his requested findings of fact, specifying those which he considers reversible error for the court to refuse to make.

Opinion

Appellant is mistaken in the view that the net end result of the judgment awarding appellee the sum of $350 constituted a recovery either for substantial performance or a recovery in quantum meruit. The record shows that appellee sued appellant upon the contract for full and complete performance, and that the court found that the contract had been so fully performed, and allowed appellee to recover therefor the sum of $425. Whether or not the contract was by its terms ambiguous is not pertinent at this point. At all events, upon the full completion of the contract, appellee was entitled to recover therefor, under the terms of the contract, the sum of $425. The obligation of appellee to maintain the roof in a waterproof condition for ten years was collateral to his obligation to complete the roof in a waterproof condition. The sum of $75, which was allowed as an offset against the $425, was expressly allowed by the court against this collateral obligation.

It is quite obvious from the record here that appellee contended that his obligation to complete a waterproof "built-up" roof, did not include the obligation to make the coping, or tile covered portion of the roof waterproof. Whereas it is equally obvious that appellant contended that the coping was covered by the contract. There was no pleading by appellee that a "built-up" roof had a fixed meaning in the trade, and that the same excluded from its terms the coping or tile covered portion of the roof. Without any such pleadings, or allegations of ambiguity of the contract, the court permitted appellee to prove that the proposal's meaning, as expressed, actually meant what appellee contended that it meant, as modified by appellant's acceptance. And the court found as a fact,

as distinguished from concluding as a matter of law, that the meaning of the completed contract excluded the tile covered portion of the roof. No objection was made to the admissibility of appellee's evidence as to the meaning of "built-up" roof, or upon the ground that no issue as to ambiguity was made by the written pleadings. Neither were any special exceptions leveled at appellee's pleadings in this respect. No doubt, time was saved by trying the issue under Rule 67, by implied consent. And any defect in the pleadings of either party was, under Rule 90, waived. But we cannot hold that the fact findings made by the court, which had the effect of finding that the contract did not cover the tiled portion of the roof, was not tried by the implied consent of the parties. And the evidence of appellee was clearly sufficient to warrant the findings that the roof was waterproof within the meaning of the contract when completed. Appellant's evidence strongly supported the court's findings that the roof as completed was waterproof except the tile covered portion.

We have carefully considered the court's refusal of appellant's requested findings of fact. Such requested findings were in each instance either in direct conflict with findings which the court made, which were amply supported by the evidence of appellee, or were in conflict with the necessary implications of such findings so made by the court.

Both the appellee and appellant complain that the evidence was insufficient to warrant the court in finding that the value of the repairs made to the roof, under the ten-year guaranty, amounting to $75, did not find sufficient support in the evidence. We believe that we cannot say that the trier of the facts was not warranted in drawing that inference from the evidence. In any event, were such finding an error, it was an error in appellant's favor, so one of which he has no right to complain. It was very clear from the evidence that appellant did make repairs to his roof, and with respect to that portion which appellee termed "built-up", and which was covered by the guaranty, and were made after appellee notified ap-

pellant he was through with the matter, and such repairs were relatively substantial, and while the evidence fails to disclose there was any mathematical certainty about the value of such repairs, we are not able to say that the evidence would not support a conclusion that $75 was the relative value of repairs covered by the guaranty in comparison with the cost of the repairs not so covered.

We overrule appellant's points, and order the judgment affirmed.

GRAVES, J., not sitting.