**Wayne AMES, Appellant,**

v.

**Edna PUTZ, Appellee.**

**No. 4584.**

Court of Civil Appeals of Texas, Eastland.

May 11, 1973.

Rehearing Denied June 8, 1973.

Robert E. Ford, Abilene, Wayne B. Ames, Chagra & Chagra, El Paso, for appellant.

Schulz, Hanna & Burke, Bob R. Hanna, R. L. Glandon, Pope, Dickenson, Batjer & Glandon, Abilene, for appellee.

McCLOUD, Chief Justice.

Edna Putz sued Wanda Schulle for personal injuries resulting from alleged negligent acts of Schulle. Schulle answered that Putz's suit was barred by the two year statute of limitations. Putz amended her petition, added the defendant, Wayne Ames, who was acting as her attorney at the time the petition was filed against Schulle, and alleged that Ames was negligent in permitting limitations to run before filing suit. Ames answered that his former client, Putz, had executed a release which released him from any and all liability in regard to her claim for injuries resulting from the accident with Schulle. In a nonjury trial the Court entered a take nothing judgment in favor of Schulle and awarded Putz damages against Ames. The Court found, among other findings, that Schulle's negligence was a proximate cause

of Putz's injuries; that the statute of limitations had run before Ames filed suit against Schulle; that Ames was negligent in failing to file suit before limitations had run; and, that the release executed by Putz was invalid because it was signed by Putz as a result of fraud and misrepresentation on the part of Ames. Ames has appealed. We affirm.

■ Ames contends the Court erred in admitting any testimony tending to show that Putz had a defense to the release because she failed to plead any defense. Putz did not file a reply to Ames' answer pleading the release. Putz did, however, introduce without proper objection, evidence that the release was signed by her as a result of fraud and misrepresentation by Ames. In a similar case, Triton Insurance Company v. Garner, 460 S.W.2d 262, (Tex.Civ.App.—Beaumont 1970, writ ref'd. n.r.e.), we think the Court correctly stated the applicable rule as follows:

"Triton's pleadings did not, of course, mention the release which Garner pleaded in bar to any recovery. No supplemental petition was filed by Triton in which it sought to avoid the effect of the release in any manner. Nevertheless, the parties tried the issue to its ultimate end without any objection as to the form or content of Triton's pleadings; and, the issue of the validity of the release, and its legal effect was thereby tried by agreement under Rule 67." See also Rule 90, Texas Rules of Civil Procedure; McKenzie v. Carte, 385 S.W.2d 520 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd. n.r.e.); Stalnaker v. Howard, 230 S.W.2d 563 (Tex.Civ.App.—Galveston 1950, writ dism.); 46 Tex.Jur.2d § 230 page 84.

We hold that the issue of Ames' fraud and misrepresentation invalidating the release was tried by implied consent.

The record shows that Ames, for several months, had owed his client, Putz, some money which he had collected from her in-

surance carrier for medical expenses she had incurred. On a Sunday, after limitations had run and the suit against Schulle had been filed by Ames, he went to the home of Putz and gave her a check for $600.00 along with her file. Ames testified that he went to the home of Putz to tell her that he was moving and would be closing his law office. He stated that the $600.00 represented the money he had owed Putz since receiving the funds from her insurance company. At that time Putz signed a release which provided in part:

"... the undersigned hereby releases and discharges WAYNE B. AMES, from any and all liability in regard to her claims for injuries sustained as a result of an accident in Abilene, Texas, on August 8, 1968, and hereby states under oath that said attorney's obligations have been fully, finally and fairly discharged to her entire satisfaction and said undersigned Edna Putz hereunto under oath sets her hand and seal on the day and date below written."

Putz testified she thought the instrument she signed was to release Ames from any further obligation regarding the money he had collected from her insurance company. She testified she did not know that Ames had failed to file her suit against Schulle within the limitation period. The trial court found that Ames, as attorney for Putz, failed to inform her of the legal consequences of executing the release.

 The relation between an attorney and his client is highly fiduciary in nature and there is a presumption of unfairness or invalidity attaching to a contract between an attorney and his client, and the burden of showing its fairness and reasonableness is on the attorney. Archer v. Griffith, 390 S.W.2d 735 (Tex.Sup.1965). In Holland v. Brown, 66 S.W.2d 1095 (Tex.Civ.App.—Beaumont 1934, writ ref'd.), the court said:

"The failure of an attorney dealing with his client to disclose to him the material facts and the legal consequences flowing from the facts constitutes actionable fraud." See also Bohn v. Bohn, 455 S.W.2d 401 (Tex.Civ.App.—Houston (1st Dist.) 1970, writ dism.).

Ames also argues that extrinsic evidence should not have been admitted regarding Putz's intentions and understanding of the release. The parol evidence rule does not prevent extrinsic proof of fraud which would vitiate a release. Page v. Baldon, 437 S.W.2d 625 (Tex.Civ.App.—1969 Dallas, writ ref'd, n.r.e.).

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.