INSTANT SERVICES, INC., Appellant,

v.

Horace BROCK et ux., Appellees.

No. 4697.

Court of Civil Appeals of Texas, Eastland.

June 7, 1974.

Rehearing Denied June 21, 1974.

William P. Philips, Jr., Coleman & Philips, Denton, for appellant.

Mike Worley, Worley & Wright, Lubbock, Jim R. Wright, Eastland, for appellees.

WALTER, Justice.

Marjorie Brock sued Instant Services, Inc., alleging fraud in the inducement of a contract to purchase some juice vending machines. Instant Services' plea of privilege was overruled and it has appealed. It contends the court erred in concluding that Brock was entitled to maintain venue in Stonewall County under Sections 7 and 23 of Article 1995, Vernon's Ann.C.S.

Section 7 of Article 1995 is as follows:

"Fraud and defalcation.—In all cases of fraud, and in all cases of defalcation by public officers, suit may be brought in the county where the fraud was committed or where the defalcation occurred, or any of such suits may be brought where the defendant has his domicile."

Among other things Section 23 provides that suits against a private corporation may be brought in the county where the cause of action or a part thereof arose.

Appellant contends that the testimony given by Mr. Brock and his mother concerning representations made by Roger W. Mason about the vending machines was hearsay and that the court erred in admitting such testimony. Appellees contend such statements were not hearsay because they were not offered to prove the truth of the matter asserted but were offered as evidence of misrepresentation.

Benjamin Brock testified that he was present when Mr. Mason was talking to his parents about the machines. He testified that Mr. Mason represented that the ma-chines had a thickness sensor device that would keep them from taking anything except quarters. Instant Services objected to this testimony for the reason that it was hearsay.

David S. Thomas, President of Instant Services, was called as an adverse witness by the plaintiff and testified substantially as follows:

Roger W. Mason was a regional manager for my company and was authorized to represent my company in the sale of these machines to the Brocks. The Brocks signed the contract of sale in Stonewall County.

Hearsay has been defined by our Supreme Court in Hartford Accident and Indemnity Co. v. McCardell, 369 S.W.2d 331 at page 337 (Tex.Sup.1963):

"The well-accepted rule is 'evidence of a statement made out of court when such evidence is offered for the purpose of proving the truth of such previous statement is inadmissible as hearsay.' McCormick and Ray, Texas Law of Evidence, Vol. 1, § 781, and cases there cited."

In Texas Law of Evidence, McCormick and Ray, Vol. 1, § 795, we find the following:

"As has been pointed out in defining Hearsay Evidence in the first section of this chapter it is only where proof of someone's out-of-court assertion is used as proof of the facts asserted, that evidence is hearsay. Many utterances or writings out of court may obviously be proved without coming in this class. Most obviously is this true where the words proven constitute a necessary part of the cause of action or defence, or as is sometimes said, are 'operative' facts, or part of the 'ultimate issue.' In such cases the words are not proved as assertions of some fact. The utterance or writing of the words is itself the fact to be proved, and if evidence of such utterance or writing be given by one who testifies to it as a mat-

ter of personal knowledge, it is obviously not hearsay. Consequently, where evidence of the uttering or writing is adduced to prove the making of an offer or the acceptance or the rejection thereof in an action on a contract, the utterance of a slander or writing of a libel, the making of a representation . . . The very question involved in the suit is: were these words used? To answer this question the evidence is offered, and the question, Were they true? does not arise."

The representation made by Mr. Mason to the Brocks can not be classified as hearsay testimony because it constituted a necessary part of the Brock's cause of action and was not introduced as proof of the fact asserted.

We have concluded that the judgment is supported by pleadings and evidence. Dallas Farm Machinery Company v. Reaves, 158 Tex. 1, 307 S.W.2d 233 (1957), and Ames v. Putz, 495 S.W.2d 581 (Tex.Civ. App. Eastland 1973, writ ref.).

We have considered all of appellant's points, and find no merit in them. They are overruled.

The judgment is affirmed.