**Vernon CALHOUN et al., Appellants,**

**v.**

**H. R. BURDEN et al., Appellees.**

**No. 4660.**

Court of Civil Appeals of Texas.

Waco.

Jan. 25, 1968.

Rehearing Denied Feb. 29, 1968.

Lawrence & Lawrence, F. Lee Lawrence, Tyler, B. R. Reeves, Palestine, for appellants.

Spruiell, Lowry, Potter, Lasater & Guinn, Charles F. Potter, Tyler, Moore & McCarty, Ennis, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Calhoun, et al from an order of the trial court overruling their pleas of privilege to be sued in Anderson County.

Plaintiffs Burden and Killion, owners of livestock auctions in Ennis and Jacksonville, sued E. L. Glaspy, Vernon Calhoun, Vernon Calhoun Packing Company, V. C. Cattle Company (all hereafter referred to as Calhoun), and Bob Jenkins, in Ellis County, on 2 drafts totaling $7,315.76, drawn by Glaspy on Calhoun to pay for cattle purchased by Glaspy from plaintiffs for defendants Calhoun, and delivered to defendants Calhoun by defendant Jenkins. Defendants Calhoun refused to pay the draft, although they received the cattle. Plaintiffs alleged Glaspy was agent of the Calhouns; and further alleged a conspiracy between all defendants to convert plaintiffs' cattle, and conversion of plaintiff Burden's cattle in Ellis County.

Defendant Glaspy is a resident of Ellis County; all the other defendants are residents of Anderson County. Defendants Calhoun and Jenkins filed their pleas of privilege to be sued in Anderson County. Plaintiffs controverted, asserting venue in Ellis County under Subdivisions 4 and 9 of Article 1995, Vernon's Ann.Tex.Civ.St.

After hearing the trial court overruled such pleas of privilege. Defendants Calhoun and Jenkins appeal on 10 points, contending the trial court erred in overruling their pleas of privilege, and assert:

1) No joint cause of action was alleged against defendant Glaspy, as required by Subdivision 4.

2) There was no conversion of plaintiffs' cattle in Ellis County, as required by Subdivision 9.

The record reflects defendant Glaspy purchased cattle from plaintiffs' auctions on behalf of defendants Calhoun, and paid for same by drawing drafts on Calhoun. Calhoun received and kept the cattle but refused to pay the draft, contending Glaspy was not their agent, but a buyer on his own account who sold the cattle to Calhoun; that since Glaspy was due no money from Calhoun, the drafts were properly turned down. There is evidence that Glaspy was an agent of Calhoun; and the cattle were billed out to and delivered to Calhoun. Glaspy is a resident of Ellis County. Each sale was alleged to be a cash sale and that title did not pass because the drafts were not paid.

■ If a person acts as agent for his principal but actually is without authority, he is liable to third persons with whom he deals, based on an implied warranty of authority. Darr Eqpt. Co. v. Owens, Tex. Civ.App. (nwh), 408 S.W.2d 566. A cause of action was proved against defendant Glaspy. A cause of action was alleged against the other defendants.

■ Subdivision 4, Article 1995 provides:

"If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." Under such exception, the plaintiff must prove a cause of action against the resident defendant; and alleges a joint cause of action against the resident and non-resident defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the non-resident defendants that the two may be joined under the rule intended to avoid a multiplicity of suits. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302.

■ Here the suit alleged against the principal and agent are intimately connected; they are based on the same transaction; and joining them will avoid a multiplicity of suits. See: San Angelo Cotton Oil Co. v. Houston County Oil Mill & Mfg. Co., Tex.Civ.App. (nwh), 185 S.W. 887.

We think venue maintainable in Ellis County under both Subdivisions 4 and 9 of Article 1995. All defendants' points and contentions are overruled. The judgment is correct.

Affirmed.