**Wallace GLOVER, Appellant,**

v.

**TIDE EQUIPMENT COMPANY et al., Appellees.**

No. 16234.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 17, 1974.

Robert E. Ballard, Houston (Kronzer, Abraham & Watkins, Houston, of counsel), for appellant.

Hugh M. Ray, Houston (Alfred H. Ebert, Jr., and Andrews, Kurth, Campbell

& Jones, Houston, of counsel), for appellee A & S Steel Buildings, A Division of U. S. Industries, Inc.

William E. Junell, Houston, (Sewell, Junell & Riggs, Houston, of counsel), for appellee Dresser Industries, Inc.

Dyche, Wright, Sullivan, Bailey & King, Aubrey B. Calvin, Houston, for appellee Tide Equipment Co.

COLEMAN, Chief Justice.

This is an appeal from a judgment dismissing appellant's counter-claim in a garnishment action for want of prosecution. The issue on appeal is whether the action of the trial court was proper under Rule 165a, Texas Rules of Civil Procedure.

The trial court placed this case on his dismissal docket in accordance with Rule 12(t) of the Local Rules of the District Courts of Harris County, Texas. It had been pending for more than three years and neither party had requested that it be placed on the trial docket. The local rule provides that a civil case which has been on file more than three years shall be set for hearing for all parties to show cause why same should not be dismissed for want of prosecution; and without good cause shown at or before such hearing such cases shall be dismissed by the court for want of prosecution without further notice. The hearing was set for April 2, 1973. On that date the attorneys for A & S Steel Buildings, a Division of U. S. Industries, Inc., and Tide Equipment Company appeared, but the attorneys for Wallace T. Glover, Dresser Industries, Inc., and Peterson Electric Company failed to appear. The attorneys for Tide and A & S had submitted for consideration of the court a proposed judgment, to which the other parties had not agreed.

When this case was reached on the docket on April 2, 1973, the court announced that it would enter the judgment submitted. At that time counsel for Tide informed the court that the judgment was not agreed to by all parties, and that he had received a copy of a motion to retain from Mr. Harvill, the attorney for Glover, along with a request for setting and notice that he was withdrawing from the case. The court then stated that he would have a hearing April 4 on the proposed judgment.

On April 4 all parties appeared by counsel. The court announced that he was calling for trial Cause No. 803,765A, a garnishment suit ancillary to the main action of Tide Equipment v. Glover. A & S Steel then, at the invitation of the court to state its position, announced that it was indebted to Wallace T. Glover in the sum of $2,890.00 and, therefore, responsible to Tide for that sum in the garnishment.

Mr. Ballard, appearing for Glover, informed the court that he was not ready to proceed to trial. After a general discussion of the past history of the case, the question of dismissal for want of prosecution was raised. A question was raised as to whether the motion to retain and the setting were timely filed under Rule 165a. A question was raised about the request for setting asking a jury trial when no jury fee has been paid, and certifying that all matters preliminary to trial had been accomplished and that the case was ready for trial when in fact the "validity of those certifications" was questionable. Tide Equipment pointed out that certain exceptions to Glover's pleadings had not been heard.

The court then announced that it would go into a pre-trial hearing and work out as many problems as possible, stating that the setting request probably could not be honored and that a motion to strike the setting, if filed, would undoubtedly be granted. The court then ruled on the special exceptions and ordered Glover to file amended pleadings by April 18. He announced that Glover's Motion to Retain was granted. An order was entered substituting Mr. Ballard as attorney for Glover. An oral motion to strike the setting was made by Dresser Industries, but the court ruled that he did not have authority to pass on the matter and suggested that an agreed

order striking the setting or resetting the case be presented to Judge Stovall sometime after April 18.

On the 26th day of April, 1973, a judgment was entered in Cause 803,765A, awarding Tide Equipment Company recovery of the sum of $2,890.00 against A & S Steel Buildings, Division of U. S. Industries, Inc., and dismissing all other claims, demands, causes, cross-complaints, and third party actions for want of prosecution. The judgment recited that the case came on to be heard on the 2nd day of April, 1973.

On the 7th day of May, 1973, Glover filed its motion to set aside the judgment, which was denied on the 21st day of May, 1973. A formal order denying the motion was signed and entered on May 24, 1973. Glover filed a Bill of Exception which was approved by the trial court with certain modifications. In the "Modifications" the court stated:

". . . The Court took the position that if the case were actually set for trial, then it would not be dismissed. . . . It seemed obvious to the Court that the case could not be properly set for trial in accordance with the Motion to Retain and examination of the printed dockets for the May/June 1973 term revealed that in fact no trial setting had been made. Accordingly, the court entered the agreed judgment for garnishor and garnishee and the order of dismissal as to Glover's cross-action on April 26, 1973.

"At the hearing on May 21, 1973 . . . the Court concluded that there was no basis for reinstating this cause on the docket. . ."

The transcript contains a copy of the Motion to Retain and the attached request for setting for trial on the merits on the General Docket for Monday, June 25, 1973. It appears to comply with the local rules and bears what purports to be the signature of Dale Harvill. It was dated March 30, 1973, and the instrument to which it was attached was filed with the District Clerk of Harris County, Texas, on March 30, 1973. The Motion to Retain states: "This case is set for trial in accordance with the attached trial setting request."

It appears from the statement of facts and qualifications to the Bill of Exceptions that the trial court dismissed Glover's case because of the failure of Glover to secure the trial setting which had been requested. Rule 165a, T.R.C.P. authorizes dismissal "for want of prosecution" upon failure of a party to request a hearing . . . within fifteen days after the mailing of notices of the court's intention to dismiss the case for want of prosecution. This rule also provides: "Within thirty days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake. . ."

The filing with the District Clerk of the Request for Setting in proper form is established by the evidence that such a request was attached to the Motion to Retain. This motion and the request for setting was called to the attention of the trial court at a time when it could have been filed in compliance with the local rules and would have qualified the case, under those rules, for a setting. The fact that it was not placed on the docket, or that, had it been entered, it might have been subject to a motion to strike, did not constitute the action taken a "failure" to "request" a hearing.

The failure to appear at the call of the docket on April 2, 1973, was not the ground relied on by the court in entering its order of dismissal. This failure was cured by the appearance of counsel for Glover on April 4, 1973, the date to which the hearing of April 2 was continued.

■ The trial court erred in dismissing Glover's cause of action. The judgment of the trial court in that respect is reversed and the case is remanded to the trial court.

## ON MOTION FOR REHEARING

A & S Steel Buildings, a Division of U. S. Industries, Inc., an appellee, has filed a motion for rehearing complaining of the action of this court in reversing the judgment of the trial court only insofar as it dismissed the cause of action of appellant. Neither of the parties, by cross point or by prayer in the brief filed in this court, sought reversal of the entire judgment in the event appellant prevailed on his appeal. No other party has filed a motion for rehearing.

". . . It is the general rule that where one party appeals from a judgment, a reversal as to him will not justify a reversal against the other nonappealing parties. This rule, however, does not apply in cases where the respective rights of the appealing and nonappealing parties are so interwoven or dependent on each other as to require a reversal of the whole judgment where a part thereof is reversed. . ." Lockhart v. A. W. Snyder & Co., 139 Tex. 411, 163 S.W.2d 385 (1942).

 Where the rights of one party to an action are dependent in any manner upon those of another, the judgment rendered therein will be treated as an entirety, and, where a reversal is required as to one, the entire judgment will be reversed. Hamilton Co. v. Prescott, 73 Tex. 565, 11 S.W. 548 (1889); Stolpher v. Bowen Motor Coaches, 190 S.W.2d 376 (Tex.Civ.App. —Ft. Worth 1945, ref. w. m.).

". . . the prevailing rule in this state now is that judgments when reviewed on appeal will be treated as entire, and when reversed as to one defendant will be reversed as to all, only in those cases where that course is necessary to meet the demands of justice in the particular case. That policy is inconsistent with any fixed rule which requires a judgment to be treated as an entirety." United States Fidelity & Guaranty Co. v. Richey, 18 S.W.2d 231 (Tex. Civ.App.—Texarkana 1929, writ ref.).

In this case the respective rights of the appealing and nonappealing parties are so interwoven and dependent on each other that it is necessary to reverse the entire judgment to meet the demands of justice. The decision on the points of error presented in this case do not reflect an opinion of the court one way or the other on the merits of the questions presented by the pleadings in the case, or on the question of the propriety of joining in this garnishment action the various cross actions and counter claims.

Appellee's motion for rehearing is granted. The judgment of the trial court is reversed and the cause remanded as to all parties.