M. A. SHERRILL, Trustee of the William
W. Sherrill Trust, Appellant,

v.

BRUCE ADVERTISING, INC., et
al., Appellees.

No. 1411.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

July 7, 1976.

Jerry J. Hamilton, Campbell, Lilly, Hamilton & Meadows, Houston, for appellant.

William A. Petersen, Lapin, Totz & Mayer, Dale A. Dossey, Engel, Groom, Miglicco & Gibson, Houston, for appellees.

COULSON, Justice.

This is an appeal from a suit on a contract for services rendered. Bruce Advertising, Inc. sued M. A. Sherrill, Trustee of the William W. Sherrill Trust and Crane-Maier and Associates, Inc. for services rendered in connection with the development of real property owned by the Sherrill Trust. The trial court entered judgment for Bruce Advertising against M. A. Sherrill, Trustee of the William W. Sherrill Trust, and against Crane-Maier. The judgment against Crane-Maier has not been appealed and has become final. This appeal relates only to the judgment entered against M. A. Sherrill, Trustee of the William W. Sherrill Trust. We reverse and render.

In 1970, an agreement was entered between Crane-Maier and the Sherrill Trust whereby the Trust's real property located in Galveston County would be subdivided, developed and sold by Crane-Maier. Bruce Advertising dealt with Crane-Maier by supplying services to them on a contractual basis for development of the realty. Bruce Advertising was not aware that the Sherrill Trust owned the property which Crane-Maier was developing. Suit was brought against Crane-Maier for the services rendered by Bruce Advertising when payment was not forthcoming. After suit was instituted, Crane-Maier by way of its pleadings informed Bruce Advertising that the Sherrill Trust was owner of the property which Crane-Maier was developing. The trial court sitting without a jury entered judgment against both Crane-Maier and the Sherrill Trust holding them jointly and severally liable for the services rendered by Bruce Advertising. Findings of fact and conclusions of law were properly filed. The court stated that the association of and agreement between Crane-Maier and the Sherrill Trust constituted a joint venture for the development of the property. The Sherrill Trust has appealed the judgment claiming that as a matter of law there is no joint venture between it and Crane-Maier. We agree.

To constitute a joint venture, certain requisites must be shown, including the right to participate in profits and the obligation to share losses and joint control of the enterprise. *Allan Construction Company v. Parker Brothers & Co. Inc.,* 535 S.W.2d 751 (Tex.Civ.App.—Beaumont 1976, no writ). The agreement between Crane-Maier and the Sherrill Trust does not provide for the sharing of losses. As a matter of law, there was no joint venture in existence between Crane-Maier and the Sherrill Trust.

However, we must consider whether the findings of fact will support the judgment against the Sherrill Trust on any other theory of law. The findings of fact show that Crane-Maier agreed with Bruce Advertising to handle the advertising requirements of the property belonging to the Sherrill Trust. They further show that an agreement was entered into between the Sherrill Trust and Crane-Maier for development and sale of the lots of the Sherrill Trust's property and that Crane-Maier was to be compensated for its services of promotion, development and sales of the project by a percentage of the sales price of each lot sold. These findings contain elements supporting the theory that Crane-Maier was the agent acting for the principal, the Sherrill Trust, in ordering advertising services from Bruce Advertising.

■ Whether Bruce Advertising may recover a judgment on a joint and several basis against both a principal and agent is the question presented. Although there were no specific findings of an agency relationship existing between the Sherrill Trust and Crane-Maier, the findings do contain elements of an agency relationship—that is they show a consensual relation whereby one party is to act for and on behalf of the other. From this the further element of an agency relation may be implied that Crane-Maier was subject to the control of its principal, the Sherrill Trust. Tex.R.Civ.P. 299.

■ We may imply from the findings of fact that a principal and agent relationship existed between the Sherrill Trust and Crane-Maier, which theory is supported by Bruce Advertising's pleadings. Bruce Advertising did not know that Crane-Maier was acting for anyone other than itself. The Sherrill Trust is in the position of an undisclosed principal. An undisclosed principal is discharged from liability upon a contract if, with knowledge of the identity of the principal, the other party recovers judgment against the agent who made the contract, for breach of the contract. Restatement (Second) of Agency § 210(1) (1957). While this rule has received some discredit (*See* Merrill, *Election Between Agent and Undisclosed Principal: Shall we follow the Restatement?* 12 Neb. L. V. (1933)), the Texas courts have consistently followed it. 31 Tex.Dig. Principal & Agent § 145(4) (1974). Here, the judgment against the agent Crane-Maier has become final. On the theory of principal and agent, the principal, Sherrill Trust, cannot now be held liable since there is a final judgment had against its agent for breach of the contract.

■ Finally, we consider whether the judgment can be sustained on the theory of quantum meruit. The findings of fact establish the existence of an agreement between Bruce Advertising and Crane-Maier. Bruce Advertising preformed its agreement which was breached by Crane-Maier's failure to pay for services rendered thereunder.

There can be no implied contract and no recovery in quantum meruit, where there exists a valid express contract covering the subject matter. *Freeman v. Carroll,* 499 S.W.2d 668, 670 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.). The judgment against Crane-Maier having been entered and now final, there is no theory which can support joint and several liability against the Sherrill Trust.

The judgment against the Sherrill Trust is reversed and it is rendered that Bruce Advertising take nothing against the Sherrill Trust.

Reversed and rendered.