The **TALMADGE TINSLEY CO., INC.,** Appellants,

v.

David J. **KERR,** Appellee.

No. 19030.

Court of Civil Appeals of Texas, Dallas.

Appeal Dismissed on Motion of Appellee on July 8, 1976.

Aug. 12, 1976.

Rehearing Denied Aug. 12, 1976.

came final and not subject to modification thirty days after it was signed. Appellants now move for a rehearing contending that the first judgment was interlocutory only, and, alternatively, that the second judgment was a nunc pro tunc correction of the first. We hold that the first judgment was final and that the second judgment cannot be considered a correction of the first. Consequently, we overrule the motion for rehearing.

Our decision turns on whether there was any material difference between the two judgments. We hold that there was none. The suit was based on a contract for the sale of land. The purchaser, David J. Kerr, sued for specific performance and for a contractual attorney's fee, naming as defendant The Talmadge Tinsley Company, Inc. and Talmadge Tinsley. The petition alleges that the individual defendant was acting as "agent, servant and/or employee" of the corporate defendant, and, in the alternative, that he was the apparent agent of the corporation. The first judgment awards plaintiff judgment for title to the land and for the claimed attorney's fee against "Defendants Talmadge Tinsley and The Talmadge Tinsley Company, Inc." The second judgment is identical, except that defendants are named as "Defendants The Talmadge Tinsley Company, Inc. and Talmadge Tinsley Individually and as agent, servant or employee of The Talmadge Tinsley Company, Inc."

■ Appellants argue that the first judgment was interlocutory because it did not dispose of appellee's action against Talmadge Tinsley "as agent, servant or employee" of the corporate defendant. This argument is untenable because the first judgment disposes of plaintiff's claims against both defendants and the words added to the second judgment are meaningless in this context. The only legal effect of the allegation in the petition that the individual defendant was acting as "agent, servant and/or employee" of the corporation is to hold the corporation liable for his acts. If an agent who signs a contract on behalf of his principal is acting within his authority,

Marshal W. Dooley, Herndon, Girand & Dooley, Dallas, for appellants.

William W. Wilson, Law Offices of David A. Witts, Dallas, for appellee.

## ON MOTION FOR REHEARING

GUITTARD, Justice.

■ After a nonjury trial, the judge signed a draft of judgment on March 3, 1976, and then signed another on April 17, 1976. We heretofore dismissed the appeal on the ground that no appeal was perfected from the first judgment and that the second judgment was void because, under Tex.R.Civ.P. 329b(5), the first judgment be-

the principal rather than the agent is liable for a breach. *Foster v. Hackworth*, 164 S.W.2d 796, 797 (Tex.Civ.App.—Austin 1942, no writ). If an individual purports to act as agent but has no authority, he is liable individually. *Calhoun v. Burden*, 424 S.W.2d 517, 518 (Tex.Civ.App.—Waco 1968, writ dism'd). The agent can have no liability in a representative capacity distinct from his individual liability and the liability of his principal. Therefore, in this case, the first judgment was a final judgment disposing of all parties and all claims put in issue by the pleadings.

Neither can the second judgment be given effect and made appealable on the theory that it is a correction of the first judgment by an order nunc pro tunc under Tex.R.Civ.P. 316. Since the added language is without legal effect, as above explained, the absence of this language in the first judgment cannot be taken as an error which was corrected nunc pro tunc by the second judgment. Consequently, the second judgment cannot be made the basis for an appeal. *Cf. Lung v. Varga*, 400 S.W.2d 1, 3 (Tex.Civ.App.—Austin 1966, no writ).

Motion for rehearing overruled.