MEDICAL PERSONNEL POOL OF DALLAS, INC., Appellant,

v.

Mrs. Jack SEALE, Appellee.

No. 19121.

Court of Civil Appeals of Texas, Dallas.

May 31, 1977.

Rehearing Denied July 15, 1977.

Jerry Nugent, Austin, for appellant.

M. R. Irion, Irion, Cain, Magee & Davis, Dallas, for appellee.

ON REHEARING OUR FORMER OPIN-
ION IS WITHDRAWN AND THE
FOLLOWING SUBSTITUTED

AKIN, Justice.

This is an appeal from a judgment non obstante veredicto rendered against plaintiff, Medical Personnel Pool, and in favor of Mrs. Jack Seale, one of two defendants. Mrs. Jack Seale's mother-in-law, Mrs. W. O. Seale, the other defendant, was injured in an automobile accident, and Mrs. Jack Seale requested plaintiff to furnish nursing services to her mother-in-law. When the bill for these services was not paid, plaintiff sued both women. Following a jury trial, the trial court rendered judgment against Mrs. W. O. Seale, but granted judgment n. o. v. in favor of Mrs. Jack Seale. Plaintiff perfected this appeal, which it limited to the action of the trial court in denying judgment against Mrs. Jack Seale. In this respect, plaintiff contends that the jury findings entitled it to a judgment against Mrs. Jack Seale. Because we hold that there was sufficient evidence to support the jury finding on the disregarded issue, we reverse the judgment n. o. v. We also hold that plaintiff is not entitled to judgment against both defendants, but must elect which defendant against whom it wants judgment. In accordance with its election in this court, we reverse and render judgment against Mrs. Jack Seale and reverse and render judgment that plaintiff take nothing against Mrs. W. O. Seale.

Three special issues were submitted and answered as follows:

ISSUE NO. 1

Do you find from a preponderance of the evidence that Medical Personnel Pool of Dallas, Inc., performed nursing services for Mrs. W. O. Seale?

ANSWER We do

If you have answered the last preceding issue "We do," then answer the following issue; otherwise do not answer the next following issue.

ISSUE NO. 2

Find from a preponderance of the evidence the reasonable value of the nursing services performed by Medical Personnel Pool of Dallas, Inc., for Mrs. W. O. Seale in Dallas County, Texas.

ANSWER $4,165.55

ISSUE NO. 3

Do you find from a preponderance of the evidence that Mrs. Jack Seale disclosed to Medical Personnel Pool of Dallas, Inc., that she was ordering the nursing services in question for the account of Mrs. W. O. Seale?

ANSWER We do not

No additional fact findings were requested by the parties or made by the trial court.

We consider first Medical Personnel Pool's contention that the trial court erred in rendering judgment n. o. v. because there is evidence to support the jury's answer to issue number three. We agree. As we interpret special issue number three, it requires the jury to pass on whether Mrs. Jack Seale disclosed that she was acting as Mrs. W. O. Seale's agent. In passing on this question, the jury had to assume that agency existed; it was not called upon to pass on the question of agency. *See Cactus Drilling Co. v. Williams,* 525 S.W.2d 902, 906 (Tex.Civ.App.—Amarillo 1975, writ ref'd n. r. e.).

█ Since special issue number three was limited to an inquiry as to the disclosure of agency, the trial court's action in disregarding the answer to special issue number three and rendering judgment n. o. v. in favor of Mrs. Jack Seale was proper only if there was no evidence to support the jury's finding that Mrs. Jack Seale did not disclose that she was acting as Mrs. W. O. Seale's agent in ordering the services. In making this determination, we may consider only that evidence which tends to show lack of disclosure. *Douglass v. Panama, Inc.,* 504 S.W.2d 776, 777 (Tex.1974). An employee of Medical Personnel Pool testified that Mrs. Jack Seale ordered the services to be rendered to Mrs. W. O. Seale. This is not, however, equivalent to a disclosure that she was ordering the services as agent for Mrs. W. O. Seale and not individually. The question is whether the existence of an agency was disclosed. Mrs. Jack Seale's testimony as to what she told Medical Personnel Pool when she ordered the services is contradictory. At one point she testified that she ordered the nursing services to be rendered to Mrs. W. O. Seale; no mention was made of her capacity. In another part she testified that she disclosed that she ordered the services as agent for Mrs. W. O. Seale. Finally, she admitted that her testimony was contradictory. Thus, the jury was entitled to conclude that she did not inform Medical Personnel Pool that she was acting as Mrs. W. O. Seale's agent in ordering the services. The trial court erred, therefore, in disregarding the jury's answer to special issue number three.

The question of whether Mrs. Jack Seale was acting as the agent of Mrs. W. O. Seale in ordering the services was not disputed. Indeed, Mrs. Jack Seale admitted in her answer that if she had any contacts with plaintiff, it was only in her capacity as an agent and later, at trial, testified that she ordered the services, but denied that she ordered them on her own account. Consequently, Medical Personnel Pool was entitled to a judgment against Mrs. Jack Seale on the jury finding that she failed to disclose this agency. However, the trial court entered judgment against Mrs. W. O. Seale for the services, and no one appealed from that judgment.

█ Mrs. Jack Seale contends that the trial court erred in not requiring Medical Personnel Pool to elect which of the two defendants against whom it sought judgment. We agree. If an agent acting within the scope of his authority enters into a contract for his principal, the principal rather than the agent is liable. On the other hand, if an individual purports to act as agent, but has no authority, he is liable individually, and the principal is not liable.

*Talmadge Tinsley Co., Inc. v. Kerr,* 541 S.W.2d 207, 209 (Tex.Civ.App.—Dallas 1976, writ ref'd n. r. e.). Similarly, if the agent acts within the scope of his authority, but fails to disclose the fact of his agency to a third party, then both the agent and the principal are liable to the third party, but both cannot be held jointly liable. *Moody-Seagraves Ranch v. Brown,* 69 S.W.2d 840, 844 (Tex.Civ.App.—San Antonio 1934, writ ref'd). Accordingly, appellant was required to elect the defendant against whom it chose to have judgment. Restatement (Second) Agency, § 210A, Comment *a* (1958).

■ Our problem is complicated by the failure of Mrs. W. O. Seale to appeal. However, the only possible theory upon which the trial court could have rendered judgment against her was on the basis that Mrs. Jack Seale was her agent. Since the rights of Mrs. W. O. Seale and Mrs. Jack Seale are so interwoven and dependent upon each other, we likewise reverse the judgment against Mrs. W. O. Seale even though she did not appeal. The rule is that where the rights of two defendants are dependent one upon the other and the appellate court finds error in the judgment as to one defendant, the judgment should be treated as an entirety, rather than divisible, and the proper judgment rendered when that course is necessary to meet the demands of justice. *Lockhart v. A. W. Snyder & Co.,* 139 Tex. 411, 163 S.W.2d 385 (1942); *Hamilton v. Prescott,* 73 Tex. 565, 11 S.W. 548, 549 (1889); *United States Fidelity & Guaranty Co. v. Richey,* 18 S.W.2d 231 (Tex.Civ.App.—Texarkana 1929, writ ref'd); *Glover v. Tide Equipment Co.,* 506 S.W.2d 330, 333 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); *see Sherrill v. Bruce Advertising Inc.,* 538 S.W.2d 865, 867 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ).

We need not remand this case for an election by appellant because it has stated in this court that if an election between the defendants is necessary, it would elect to have judgment against Mrs. Jack Seale. Accordingly, we reverse and render judgment against Mrs. Jack Seale for the sum of $5,529.99, with interest at nine percent from August 10, 1976, until paid, and reverse and render judgment that plaintiff take nothing against Mrs. W. O. Seale.

## ON MOTION FOR REHEARING

■ Mrs. Jack Seale, in her motion for rehearing, complains that we erred in rendering judgment against her because there was no pleading to support the jury's answer to special issue number three finding that Mrs. Jack Seale failed to disclose to Medical Personnel that she was ordering the services for her mother-in-law. In this respect, Medical Personnel pleaded that "the services were ordered and requested to be performed for Mrs. W. O. Seale by defendant Mrs. Jack Seale." Plaintiff did not, however, plead that Mrs. Jack Seale did not inform Medical Personnel that she was acting as Mrs. W. O. Seale's agent when she ordered the services. In response Mrs. Jack Seale pleaded that "if she had any contacts with plaintiff concerning the services sued for, such contacts were solely as a representative of . . . Mrs. W. O. Seale . . ., all of which was well known to plaintiff." At trial, Mrs. Jack Seale admitted ordering the services, but, as noted in our previous opinion, her testimony with respect to what she told Medical Personnel was contradictory. Nevertheless, she failed to object to testimony that she failed to inform plaintiff of her capacity as agent in ordering the services on the ground that such evidence was unsupported by pleadings. Similarly, she failed to object to special issue number three on this ground. We conclude, therefore, that she waived this ground of complaint and that the nondisclosure issue was tried by implied consent. Tex.R.Civ.P. 90; *Bednarz v. State,* 142 Tex. 138, 176 S.W.2d 562, 563 (1943); *Ames v. Putz,* 495 S.W.2d 581, 582 (Tex.Civ.App.—Eastland 1973, writ ref'd).

■ Mrs. Jack Seale also asserts that we erred in rendering judgment against her based upon the jury's answer to special issue number three because the uncontradicted testimony of plaintiff's president was

that Mrs. Jack Seale never agreed to pay for the services rendered and because the evidence fails to show that plaintiff did not know that the services were being ordered as agent for Mrs. W. O. Seale. It is immaterial here whether Mrs. Seale expressly agreed to pay for the services when she ordered them because the law in such a situation implies an agreement to pay by the person making the order unless he discloses that he was acting as agent for another person. The question presented here is not plaintiff's right to be paid for the services rendered, but rather which of the defendants should be required to make the payment. More importantly, however, this contention ignores Mrs. Jack Seale's testimony that she did not inform plaintiff that she was ordering the services as Mrs. W. O. Seale's agent. Since this evidence shows that when the order was made plaintiff had no contact with anyone other than Mrs. Jack Seale, it appears that plaintiff had no knowledge of the agency from any other source. As we noted in our previous opinion, she admitted during trial that her testimony was contradictory on this point. Thus, the jury was entitled to believe that part of her testimony where she stated that she did not inform Medical Personnel of her capacity at the crucial time when she ordered the services. Furthermore, the only time when knowledge by plaintiff that Mrs. Jack Seale ordered the services as an agent is crucial was when they were ordered. Likewise, the fact that Mrs. W. O. Seale was billed by plaintiff for the services is but some evidence from which the jury could have drawn an inference that Mrs. Jack Seale disclosed her agency to plaintiff when she ordered the services; it is not, however, binding on the jury as a matter of law, but only one of the evidentiary matters for the jury to resolve. This issue was resolved against Mrs. Jack Seale.

Mrs. Jack Seale next argues that we erred in permitting plaintiff to elect in this court the defendant against whom it desired judgment. She contends that the plaintiff made its election in the trial court by accepting judgment against Mrs. W. O. Seale. We cannot agree. Although plaintiff sought judgment jointly and severally against both defendants, which we determined in our former opinion it was not entitled to have, the trial court refused to require plaintiff to make an election. Instead, the trial court in effect made the election by granting Mrs. Jack Seale's motion for judgment n. o. v. and granting plaintiff judgment only against Mrs. W. O. Seale. An election by a party contemplates a freedom by that party to choose which defendant against whom it desires judgment. We hold, therefore, that plaintiff made no election in the trial court by accepting judgment against Mrs. W. O. Seale when it was denied judgment against Mrs. Jack Seale.

She also asserts that she had no advance notice of plaintiff's election in this court and, therefore, no time to prepare a defense thereto. This argument is without merit. In the trial court Mrs. Jack Seale and Mrs. W. O. Seale filed identical motions asking the court to require plaintiff to make an election. Likewise, both defendants filed motions for judgments n. o. v. Thus, Mrs. Jack Seale was aware that judgment could be rendered against her by the trial court if the trial court had required an election. In her brief by counterpoint, she asserted that the trial court should have required plaintiff to make an election. We fail to see, therefore, how Mrs. Jack Seale could be surprised when we permitted plaintiff to make the election which the trial court should have required if it had ruled correctly on her motion to require an election. We are simply rendering the judgment that the trial court should have rendered, as required by Tex.R.Civ.P. 434. No useful purpose would be served by remanding to the trial court for the purpose of allowing plaintiff to make its election.

Neither can we agree with Mrs. Jack Seale's assertion that our rendition of judgment against her is error since "the judgment against Mrs. W. O. Seale is long since final." She argues that since Mrs. W. O. Seale cannot now appeal from the judgment against her and plaintiff limited its appeal to that part of the judgment which

216

denied recovery against Mrs. Jack Seale, we have no power to reverse the judgment against Mrs. W. O. Seale and permit plaintiff to elect judgment against Mrs. Jack Seale. This argument is without merit because the recovery against Mrs. W. O. Seale is in the same cause and in the same judgment as the judgment n. o. v. from which plaintiff appealed; no order of severance was entered. Although plaintiff has limited its appeal to the action of the trial court in granting judgment n. o. v., we nevertheless can reverse the judgment against Mrs. W. O. Seale when it and the judgment n. o. v. are intimately intertwined and interrelated and when justice requires it under the authorities cited in our original opinion. Essentially, Mrs. Jack Seale's position is that because all of the cases cited in our main opinion for this proposition concerned situations where the reversal of the judgment appealed from required a new trial as to all parties including those who did not appeal, this case, likewise, should be remanded for a new trial. We cannot agree that a new trial is necessarily required by the rule enunciated in the cited cases where no reversible error occurred at trial and where the ends of justice and judicial economy are served by rendering, as in other cases, the judgment that the trial court should have rendered on the verdict after denial of Mrs. Jack Seale's motion for judgment n. o. v. and after permitting plaintiff's election.

Finally, Mrs. Jack Seale urges us to remand this cause for a new trial in the interests of justice. We see no reason for a new trial because the only error committed by the trial court was after the jury's verdict had been received when the court rendered judgment n. o. v. in favor of Mrs. Jack Seale. It would be manifestly unjust to require plaintiff to convince a second jury of its claim when no reversible error was committed during the course of the trial before the jury.

Motion overruled.