**THOMAS, RICHARDSON, RUNDEN & COMPANY, INC., Appellant,**

**v.**

**The STATE of Texas and the Railroad Commission of Texas and James H. Cowden, Appellees.**

No. 12–83–0095–CV.

Court of Appeals of Texas, Tyler.

Dec. 6, 1984.

Rehearing Denied Jan. 10, 1985.

Patrick Feeney, Feeney, O'Hanion & Moore, Austin, for appellant.

Bob Burleson, Bowmer, Courtney, Burleson & Pemberton, Temple, Gus Lyons, Austin, for appellees.

COLLEY, Justice.

Thomas, Richardson, Runden & Company, Inc., plaintiff/appellant (Thomas), brought suit on a written contract purportedly executed on behalf of the Railroad Commission of the State of Texas by James H. Cowden, defendant/appellee. The contract provided that for certain considerations Thomas would find and recruit a certified public accountant to supervise accounting procedures for the State of Texas to the United States Transportation Department on a federal grant of one million dollars made to the State for study of rail beds and tracks. The Railroad Commission of Texas repudiated the contract on the ground that Cowden had no authority to execute the same with Thomas for the commission. Thomas sued Cowden, the Railroad Commission, and by its consent, the State of Texas. The trial court rendered a take-nothing judgment against Thomas finding that Cowden had no authority to execute the contract, and that Cowden was not personally liable because he acted in good faith with a reasonable belief that he had authority to bind the Railroad Commission in the agreement.

We affirm the take-nothing judgment as to the Railroad Commission and the State of Texas, and reverse the take-nothing judgment as to Cowden, and here render judgment in favor of Thomas against Cowden.

Our Supreme Court in *Bullock v. Calvert*, 480 S.W.2d 367 (Tex.1972), quoted with approval the rule announced in *Fort Worth Cavalry Club v. Sheppard*, 125 Tex. 339, 83 S.W.2d 660, 663 (1935), to-wit:

> All public offices and officers are creatures of law. The powers and duties of public officers are defined and limited by law. By being defined and limited by law, we mean the act of a public officer must be expressly authorized by law, or implied therefrom. It follows from the above that public officers may make only such contracts for the government they represent as they are authorized by law to make. [citations omitted]

For the purposes of our opinion, we will assume, without deciding, that the Railroad Commission as a state agency (public office), acting as a body, had implied authority under TEX.REV.CIV.STAT.ANN. art. 6506 (Vernon Supp.1984) to execute the contract before us. However, Cowden had no such authority under the statute to do so. Cowden does not so claim. Cowden contends that he is not personally liable to Thomas because he executed the contract with a reasonable good faith belief that he did have authority to enter into the agreement on behalf of the commission. So, under the record here, we must decide whether the Railroad Commission, acting as a body, expressly authorized Cowden to bind it to such a contract. The trial judge in this bench trial found that Cowden was not authorized by the commission to do so, and we agree with that finding.

■ Thomas attacks the court's finding on a "no evidence" point of error. However, before we are authorized to disturb

such finding on such a challenge, we must conclude that the evidence conclusively establishes the opposite finding. Robert W. Calvert "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361 (1960). In applying such standard of review, we hold that Thomas' first point of error is without merit, and it is overruled.

 Under its second point, Thomas contends that the trial court erred in rendering the take-nothing judgment in favor of Cowden because the evidence establishes as a matter of law that Cowden acted without authority and is therefore personally liable to Thomas' damages. We agree. The record shows that Cowden was an employee of the Railroad Commission and had been named as Director of the Railroad Commission's Division of Transportation. He was not a public officer, but rather an employee of the Railroad Commission. *Dunbar v. Brazoria County*, 224 S.W.2d 738, 740 (Tex.Civ.App.—Galveston 1949, writ ref'd); *Aldine Independent School District v. Standley*, 154 Tex. 547, 280 S.W.2d 578, 583 (1955). Since Cowden was not a public officer at the time he executed the contract, his liability is determined by the common law rules of agency prevailing in this State. Under such rules, an agent who acts without authority to bind his purported principal is himself liable. *Talmadge Tinsley Co., Inc. v. Kerr*, 541 S.W.2d 207, 209 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.); *Calhoun v. Burden*, 424 S.W.2d 517, 518 (Tex.Civ.App.—Waco 1968, writ dism'd). Cowden's liability rests on his implied warranty of authority to execute the contract on behalf of his purported principal, and renders him liable, not on the contract itself, but rather for the consequential damages flowing from the repudiation of the contract. Here, the value of services performed by Thomas. *Heard v. Clegg*, 144 S.W. 1145 (Tex.Civ.App.—Fort Worth 1912, writ ref'd); *White v. Roughton*, 201 S.W. 679, 680 (Tex.Civ.App.—Amarillo 1918, no writ).

 The trial court's finding that Cowden was acting in good faith under a reasonable belief that he had the requisite authority to bind the Railroad Commission is immaterial. Thomas' second and third points of error are sustained.

That portion of the judgment decreeing that Thomas take nothing against the State of Texas and the Railroad Commission is affirmed; that part of the judgment decreeing that Thomas take nothing against James H. Cowden is reversed, and judgment is here rendered in favor of Thomas, Richardson, Runden & Company, Inc. against James H. Cowden for $4,061.30, together with prejudgment interest thereon from July 3, 1978, to November 4, 1981, in the amount of $825.12, all costs in the court below and for postjudgment interest thereon at the rate of nine percent (9%) per annum from November 4, 1981, until paid, for all of which execution shall issue. All costs of this appeal are taxed against appellee James H. Cowden.