GLENDON INVESTMENTS,
INC., Appellant,

v.

G. Edwin BROOKS, Appellee.

No. 01–87–00396–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 11, 1988.

Patricia Hair, Crain, Caton, James & Womble, Houston, for appellant.

Julis Glickman, Nancy M. McCoy, Glickman & Barnett, Houston, for appellee.

Before WARREN, SAM BASS and DUNN, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a judgment rendered against BB & Y Petroleum Resources, Inc. for breach of an oral contract by failing to pay Don May, agent for appellant Glendon Investments, Inc., a portion of a finder's fee allegedly due from the sale of the Cities Service Building in Tulsa, Oklahoma.

In 1982, Occidental Petroleum merged with Cities Services. Several years before the merger, Cities Service decided to build a large building and garage that would house its world-wide headquarters. At some time before or after the merger, Occidental, the dominant company, decided that the uncompleted complex did not compliment the merged operation and began attempting to sell it.

During this time, appellee Ed Brooks learned through his cousin, T.P. Jenkins, a chairman of Occidental Oil and Gas Corporation, of Occidental's desire to sell the complex.

In late October of 1982, appellant May was visiting the law offices of Brill, Brooks and Yount, a Houston law firm, to see Brill, one of the partners. Brooks invited May to come to his office, where he told May of Occidental's desire to dispose of the Cities Service Building. The name of a potential buyer, The Allbritton Company, was discussed and May called Robert Allbritton, the company's chairman, and by phone introduced Allbritton to Brooks. Both May and Brooks testified that they discussed May's sharing in any finder's fee if the building was sold to Allbritton. Brooks testified the agreement was that if May worked on the sale, and helped complete the sale, he would receive ⅙ of the finder's fee earned from the sale. May testified that the agreement was that if he (May) put Brooks in contact with Allbritton and a sale was completed, May would receive one percent of the purchase price. Brooks contended that May was obligated to work on the sale until it closed, and that May failed to do any work after the phone call to Allbritton.

The sale was completed to a subsidiary of Allbritton Company, and BB & Y Company received a $1 million finder's fee that was divided among its shareholders. May was paid nothing.

BB & Y is a corporation formed by the Brooks law firm, through which the law firm could funnel the firm's real estate transactions. There was little testimony about BB & Y by either May or Brooks. May denied that BB & Y's participation in the sale was ever mentioned by Brooks or anyone else.

Appellant sued Ed Brooks, individually, and BB & Y Petroleum Resources, Inc. The jury found that: (1) Ed Brooks agreed to pay Don May a portion of any fee received from the sale of the building; (2) Ed Brooks was acting as an agent for BB & Y Petroleum Resources, Inc; and (3) Don May performed his obligations under the agreement. The jury awarded Don May $166,000 as compensation and $22,000 in attorney's fees.

The trial court denied appellant's motion for entry of judgment against BB & Y Petroleum Resources, Inc. and Ed Brooks jointly, denied appellant's amended motion for entry of judgment against Ed Brooks

only, and entered judgment solely against BB & Y Petroleum Resources, Inc.

Appellant's sole point of error contends that the trial court erred in denying his amended motion for entry of judgment against Brooks, and in dismissing Brooks. Appellant argues that Brooks waived his affirmative defense of agency because he did not obtain jury findings that he disclosed to appellant that he was acting as agent for BB & Y Petroleum Resources, Inc.

It is well settled that an agent who fails to disclose the fact of his agency to a third party with whom he contracts may be held personally liable on the contract. *Heinrichs v. Evins Personnel Consultants, Inc. No. 1*, 486 S.W.2d 935 (Tex.1972). Therefore, disclosure is an essential element of the affirmative defense of agency in order to avoid personal liability on a contract.

The rule concerning the burden of proof on the agency defense is stated at 3 Tex. Jur.3d § 226, p. 310 (1980):

> [W]here one is sought to be held personally liable on a contract, and his defense rests on the ground that he made the agreement as the agent of another, that person has the burden of proving all material facts necessary to exonerate him from personal responsibility. More specifically, he must show that he was, in fact, acting as the agent of his principal in making the contract, *that he had informed the other party to the agreement of his true legal status in the matter, and that he had also disclosed to that other the name of the alleged principal for whom he was purportedly acting.* (Emphasis added).

■ Appellee argues that Special Issues Nos. 1 and 2, which were submitted to the jury, were sufficient to raise the issue of disclosure.

Special Issue No. 1 asked:

Do you find from a preponderance of the evidence that Ed Brooks agreed to pay Don May, acting for Glendon Investments, Inc., part of any fee received by Ed Brooks and BB & Y Petroleum Resources, Inc. from the sale of the City Service Building in question?

The issue is insufficient to constitute a submission of disclosure. The language, "by Ed Brooks and BB & Y Petroleum Resources, Inc.," describes the commission to be shared with May. It cannot be construed as a submission of whether Ed Brooks disclosed his agency relationship with BB & Y to Don May.

Special Issue No. 2 asked whether the jury found that, "at the time Ed Brooks agreed to pay Don May ... he was acting as an agent of BB & Y Petroleum?"

Appellee contends that Special Issue No. 2 was a broad submission of agency that encompassed a submission of disclosure. We disagree. A finding that Brooks was acting as an agent does not include a finding that Brooks disclosed that fact to May. Appellee's contention ignores the fact that one can act as an agent and yet remain personally liable if the existence of the agency is not disclosed. The disclosure issue is not a "shade or phase" of the agency issue. It is a required element of agency when agency is submitted as an affirmative defense to personal liability. This is necessarily so because agency alone is not a defense to the agent's liability; disclosed agency is.

Neither the wording of Special Issue No. 1 nor that of Special Issue No. 2 requires the jury to expressly or impliedly find that Brooks had or had not disclosed that he was acting as an agent for BB & Y.

■ Appellee further contends that it was the appellant's burden to prove lack of disclosure in response to appellee's pleading of agency. Appellee incorrectly characterizes the disclosure issue as a matter of confession or avoidance to be specifically pleaded by appellant under Tex.R.Civ.P. 94. Among other defenses, appellee was relying on the affirmative defense of agency. Therefore, it was his burden to request all issues necessary to sustain the defense. Tex.R.Civ.P. 279. *Little Rock Furniture Manu. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985 (1949). It is not necessary that appellant plead a defense or an exception to an affirmative defense. *North Ameri-*

*can Land Corp. v. Boutte,* 604 S.W.2d 245, 247 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

Appellant properly objected to the failure to submit an issue on disclosure, thereby preserving the error.

The failure to request the submission of any element of an independent ground of defense results in waiver of that ground by the party who relies upon it. *Neuhaus v. Kain,* 557 S.W.2d 125 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). Therefore, appellee Brooks waived his affirmative defense of agency.

■ If an authorized agent fails to disclose the fact of his agency to a third party, both the agent and the principal are liable to the third party, but both cannot be held jointly liable. *Medical Personnel Pool of Dallas, Inc. v. Seale,* 554 S.W.2d 211, 214 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). Appellant was therefore required to elect the defendant against whom it chose to have judgment. *Id.* Appellant's election to have judgment against G. Edwin Brooks individually was improperly denied by the trial court.

Appellee has raised four cross-points which, he alleges, require us to remand this case for a new trial rather than to render judgment against him. We will now consider those cross-points.

Appellee's first cross-point complains of the submission of the damage issue.

Special issue No. 4 asked:

What sum of money do you find from a preponderance of the evidence, if any, would compensate Don May for his part, if any, of the fee received from the sale of the City Service Building in question?

Appellee objected to the issue on the ground that the issue allowed the jury to speculate and to set its own criteria for measuring damages. However, appellee did not preserve error because he failed to indicate to the court the proper measure of damages, or to request and tender a substantially correct explanatory instruction setting forth the guidelines. *Osoba v. Bassichis,* 679 S.W.2d 119 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

Appellee's first cross-point is overruled.

■ Appellee's second cross-point contends that there is no evidence, or insufficient evidence to support the jury's finding on damages.

In determining "no evidence" points, we are to consider only the evidence and inferences that tend to support the finding, and we disregard all evidence and inferences to the contrary. *King v. Bauer,* 688 S.W.2d 845, 846 (Tex.1985). In reviewing a factual insufficiency question, we must consider all of the evidence. The finding must be upheld unless we find it to be so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Where there is some evidence of damages, the amount of the award must be left to the sound judgment and discretion of the jury. *David McDavid Pontiac v. Nix,* 681 S.W.2d 831, 837 (Tex.App.—Dallas 1984, no writ).

The jury awarded appellant $166,000 as compensation for his part of the fee-received by appellee from the sale of the building.

Brooks testified that he and May discussed the possibility of May's receiving ⅙ of any sales commission Brooks earned on the deal. The jury award of $166,000 is approximately ⅙ of the $1 million commission received by Brooks and BB & Y Petroleum. This constituted legally sufficient evidence to support the award of $166,000. When considering all of the evidence, we find that the evidence was factually sufficient to support the award.

■ Appellee complains in his third point of error that the trial court erred in submitting Special Issue No. 1, which inquired whether Brooks agreed to pay May a part of the sales commission. Appellee contends that the issue did not inquire whether the parties "agreed to the same agreement," or "what the terms of the agreement were." Appellee properly objected to the issue at trial.

At appellee's request, the court instructed the jury that, " 'agree' means that all of the parties must assent to the same thing in the same sense at the same time." This instruction was sufficient to inquire whether there was a meeting of the minds on all of the essential terms of the agreement.

Appellee's third cross-point is overruled.

 Appellee complains in his final cross-point that the court erred in refusing to submit his tendered issues on misrepresentation, abandonment of contract, and failure of consideration.

The trial court may properly refuse to submit a special issue only if there is no evidence to support the requested issue. *Southwestern Bell Telephone Co. v. Thomas*, 554 S.W.2d 672, 674 (Tex.1977).

In order to prove fraud, a party must show: (1) that a false representation of the material fact was made; (2) with intent to induce the party to act upon it; (3) that the party in fact relied upon it; (4) and that the party suffered damages as a result. *Ryan v. Collins*, 496 S.W.2d 205, 210 (Tex.Civ. App.—Tyler 1973, writ ref'd n.r.e.).

The only evidence of fraud consisted of Brooks' testimony that appellant misrepresented to him that appellant was the exclusive representative of the Allbritton Company in Houston; that all deals with Allbritton had to go through him; and that he was a close family friend of Allbritton. Appellee introduced no evidence of intent, materiality, or reliance. In order to avoid a contract for fraud it is necessary to show that the fraudulent representation was relied upon to the extent that it was a material factor in inducing the making of the contract and without which it would not have been made. *Gallegos v. Gulf Coast Investment Corp.*, 483 S.W.2d 944, 948 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ dism'd by agr.). The trial court properly refused to submit an issue on fraudulent misrepresentation because there was no evidence of each of the required elements of the defense.

Finally appellee complains of the trial court's refusal to submit his tendered issues on failure of consideration and abandonment.

Failure of consideration generally results when the promised performance fails as a result of some supervening cause that arises subsequent to the formation of a contract. *Stewart v. United States Leasing Corp.*, 702 S.W.2d 288 (Tex.App.—Houston [1st Dist.] 1985, no writ).

Special Issue No. 3 inquired of the jury whether May performed his obligations under the agreement he made with Brooks. This was a proper, broad submission of the controlling issue in this case pursuant to Tex.R.Civ.P. 277 and 279. *See Island Recreational Development Corp. v. Republic of Texas Savings Ass'n*, 710 S.W.2d 551 (Tex.1986). The issue encompassed a finding on consideration and abandonment. It was unnecessary, and would have been duplicitous, to submit additional issues and instructions on abandonment and failure of consideration.

Appellee's third and fourth cross-points are overruled.

The judgment of the trial court is reversed, and judgment is rendered against appellee G. Edwin Brooks, individually.