## PYRON AND DAVIDSON v. CHARLES GRAEF.

Decided February 7, 1903.

**Pleading—Exceptions to Citation—Waiver—Jurisdiction.**

Where defendants filed exceptions to the citation and an answer to the merits at the same time, it was error to sustain a motion by plaintiff to strike out the exceptions on the ground that they had been waived by the filing of the answer, since the statute permits the pleading of as many several matters of defense as may be deemed necessary, provided they are filed "at the same time and in due order of pleading." Rev. Stats., art. 1262.

Appeal from the County Court of Donley. Tried below before Hon. B. H. White.

*Ware & Smith,* for appellants.

*A. W. Cole,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The exceptions to the citation for not showing the number of the case and because the return thereon failed to show the requisite personal service on the defendants were well taken, and this does not seem to have been controverted; but they were stricken out on motion because appellants had filed an answer to the merits. The exceptions and pleas to the merits were all filed at the same time, having been written upon the same piece of paper, and in due order of pleading, the exceptions preceding the pleas to the merits. This was in accordance with our statute on that subject. Rev. Stats., art. 1262. The defense interposed by the exceptions went to the jurisdiction of the court over the persons of the defendants, and was in the nature of a plea in abatement, which has long been recognized as matter "pertinent to the cause," and therefore within the provisions of the statute. See Rule 7 for the district and county courts, and Townes on Pleading, pages 353 to 363. The court erred in treating this defense as waived, which necessitates a reversal of the judgment.

The tenth paragraph of the charge is subject to the criticism urged against it in appellants' brief for being on the weight of the evidence, but we need not determine whether this would require a reversal of the judgment.

There is no merit in any other assignment.

Because the court erred in striking out the exceptions to the citation the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*