Eugene W. SMITH, Appellant,

v.

Andrew M. REYNOLDS et al., Appellees.

No. 15488.

Court of Civil Appeals of Texas, San Antonio.

Feb. 11, 1976.

Thomas S. Terrell, Kerrville, for appellant.

Earle S. Lilly, Campbell, Lilly, Hamilton, Patrick & Meadows, Houston, for appellee.

CADENA, Justice.

Plaintiff, Eugene W. Smith, filed this suit against Andrew M. Reynolds and others, alleging, in effect, that Reynolds and one of the other defendants had swindled plaintiff. Plaintiff and all defendants, except Reynolds, are residents of Texas. Reynolds is a resident of the city of Torreon, State of Cohuila, Republic of Mexico.

Reynolds entered a special appearance, as authorized by Rule 120a, Tex.R.Civ.P., alleging that he was not a resident of the State of Texas and that he was not "doing business" in Texas. Reynolds alleged that he was not amenable to process of a Texas court, and that the attempt to confer on the Texas court jurisdiction over his person by serving process on the Texas Secretary of State, as provided in our "long arm" statute, Art. 2031b, Tex.Rev.Civ.Stat.Ann., was ineffective.

After holding two hearings, the trial court concluded that it had no in personam jurisdiction over Reynolds and, after severing plaintiff's cause of action against the other defendants, dismissed plaintiff's suit against Reynolds.

It is settled that a defendant filing a special appearance under Rule 120a has the burden of pleading and proving that he is not amenable to process issued by the courts of Texas. *Roquemore v. Roquemore*, 431 S.W.2d 595, 601 (Tex.Civ.App.—Corpus Christi 1968, no writ); Thode, In Personam Jurisdiction; Article 2031B, The Texas "Long Arm" Jurisdiction Statute; and the Appearance to Challange Jurisdiction in Texas and Elsewhere, 42 Texas L.Rev. 279 (1964).

The fact that the special appearance "motion" filed by Reynolds was sworn to did not operate to cast on plaintiff the burden of proof and the burden of persuasion on the jurisdictional issue. A pleading raising the question of jurisdiction over the person of defendant is, essentially, a plea in abatement. *Roquemore v. Roquemore, supra*; *Pyron v. Graef*, 31 Tex.Civ.App. 405, 72 S.Ct. 101 (1903, no writ). In the absence of special rules pertaining to the evidence, the usual rule that a plea in abatement must be supported by "competent evidence" must be applied. *McDougald v. First National Bank of Beaumont*, 239 S.W.2d 145

(Tex.Civ.App.—Beaumont 1951, writ ref'd n. r. e.); Thode, *op. cit.* at 319, n. 219.

■ Reynolds did not testify nor did he produce any evidence establishing the absence of acts, contacts or activities on his part within Texas to support the conclusion that Art. 2031b is inapplicable in this case. Reynolds relies on testimony by plaintiff to the effect that plaintiff had never met or talked to Reynolds; that he had not corresponded with Reynolds until after the occurrence of the facts and circumstances on which plaintiff bases his suit; and that, insofar as the transaction involved in this suit is concerned, plaintiff dealt solely with one of the other defendants named Webb. Such evidence falls far short of establishing that Reynolds was not "doing business," as that term is broadly defined in the statute, in Texas.

■ Reynolds calls our attention to cases holding that where the judgment appealed from recites that the trial court heard evidence the appellate court must, in the absence of a statement of facts, presume that the evidence heard by the trial court was sufficient to support all findings of fact necessary to support the judgment. That rule is not applicable here, since we have before us the transcript of the testimony heard by the trial judge at both hearings in connection with the special appearance by Reynolds, and, in fact, in his brief Reynolds refers to the statement of facts.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.