**ROSS F. MERIWETHER & ASSOCIATES, INC.,**
Appellant,

v.

**Robert E. AULBACH, Appellee.**

**No. 04-84-00161-CV.**

Court of Appeals of Texas,
San Antonio.

Feb. 20, 1985.

Cynthia J. Estee, San Antonio, for appellant.

Diego J. Pena, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

## OPINION

CADENA, Chief Justice.

Plaintiff, Ross F. Meriwether & Associates, Inc., appeals from an order sustaining the special appearance of defendant, Robert E. Aulbach, and dismissing plaintiff's suit in sworn account against Aulbach. We affirm the judgment of the trial court.

Defendant Aulbach is president of Robach, Inc., an Illinois corporation. Plaintiff, a mechanical engineering consulting company, incorporated under the laws of Texas, performed computer services for Robach, Inc., but did not receive full payment. Plaintiff brought this suit on a sworn account against Robach, Inc. and Robert E. Aulbach, in his individual capacity. Both Robach, Inc. and Aulbach filed rule 120a motions for special appearance. The trial court held a hearing and sustained Aulbach's motion. Robach, Inc. waived its motion and is not a party to this appeal.

Plaintiff claims the evidence is legally and factually insufficient to support the finding that Aulbach is not amenable to the jurisdiction of Texas courts. Meriwether urges that because Aulbach dealt with Meriwether in Texas, he submitted himself to the jurisdiction of Texas courts.

■ The burden is on the defendant challenging jurisdiction to prove that he is not amenable to process by Texas courts. *Smith v. Reynolds,* 533 S.W.2d 861, 862 (Tex.Civ.App.—San Antonio 1976, no writ).

Texas authorizes the service of process on foreign corporations and nonresident defendants in TEX.REV.CIV.STAT.ANN. art. 2031b, § 4 (Vernon Supp.1984). Under this statute, a nonresident natural person does business in Texas when he enters "into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State...." *See U-Anchor Advertising, Inc. v. Burt,* 553 S.W.2d 760, 762 (Tex.1977), *cert. denied,* 434 U.S. 1063, 98 S.Ct. 1235, 55 L.Ed.2d 763 (1978).

■ Under *O'Brien v. Lanpar Co.,* 399 S.W.2d 340, 342 (Tex.1966) a nonresident may be sued in Texas if the cause of action arises from some act done or transaction consummated by him in Texas and the assumption of jurisdiction by a Texas court does not offend traditional concepts of fair play and traditional justice. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316–20, 66 S.Ct. 154, 158–60, 90 L.Ed. 95 (1945).

■ An agent is not a party to, nor individually liable on, a contract he enters into on behalf of his principal. It is the principal who enters into the contract. *Medical Personnel Pool of Dallas, Inc. v. Seale,* 554 S.W.2d 211, 213 (Tex.Civ.App.— Dallas 1977, writ ref'd n.r.e.); *Talmadge Tinsley Co. v. Kerr,* 541 S.W.2d 207, 208–09 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.). When an agent arrives in Texas to negotiate a contract for his principal, only the principal does business in the state. The agent, having entered into no contract, has done no business in Texas, and, therefore, has done no act nor has he consummated a transaction in Texas.

We must determine whether the evidence is sufficient to show that Aulbach acted only as an agent in his negotiations with Meriwether & Associates, Inc.

■ The trial court found that Aulbach negotiated the contract in Texas "only in his corporate capacity as president of Robach, Inc." Aulbach testified he negotiated and contracted with plaintiff solely as president of Robach, Inc., and not in his personal capacity. Plaintiff's ledger sheets and invoices on the sworn account are in the name of Robach, Inc. Plaintiff received some payments on the accounts by checks drawn on the account of Robach, Inc. Although Meriwether testified that he believed he was dealing with Aulbach individually and that he had dealt with Aulbach in the past on a personal basis before he was aware of the existence of Robach, Inc., such testimony merely raised a question of fact which the court resolved in favor of defendant. The evidence is sufficient to support the trial court's finding that Aulbach acted only in a representative capacity, and that he did no act or consummate any transaction in Texas. Under such findings, Aulbach did not individually do business in Texas by entering into a contract with plaintiff on behalf of the Illinois corporation.

The evidence is sufficient to support the trial court's findings of fact.

It is true, as pointed out in the dissenting opinion, that the conclusion that defendant, Aulbach, did not enter into a contract with plaintiff in the state of Texas involves a determination concerning the existence of an element of plaintiff's cause of action. But there is no rule requiring that an out-of-state defendant's objection to the exercise by a Texas court of jurisdiction over him cannot prove the non-existence of an essential jurisdictional fact, simply because such proof would also disprove the existence of a necessary element of plaintiff's cause of action.

■ Where the jurisdiction of the Texas court rests on the fact that defendant entered into a contract with a resident of Texas to be performed in whole or in part by either party in Texas, it is clear that the non-resident can defeat the attempted exercise of "long-arm" jurisdiction by the Texas court by proving that he entered into no contract with a resident of Texas. The fact that the existence of the contract is also a fact which plaintiff must prove in order to impose liability on the defendant, cannot operate to deprive the defendant of his right to prove the non-existence of such contract in order to avoid the attempted exercise of jurisdiction by the Texas court.

In *Arterbury v. American Bank & Trust Co.*, 553 S.W.2d 943, 948 (Tex.Civ. App.—Texarkana 1977, no writ), the court correctly stated that the issue of ultimate liability is separate from the issue of jurisdiction. But the court pointed out that the act or omission within the state "is sufficient basis for the exercise of jurisdiction to determine whether or not the act or omission gives rise to liability..." Such a statement is undoubtedly correct. But where, as here, defendant establishes the non-existence of the act or omission on which jurisdiction rests, he has destroyed the basis for the power of the Texas court to determine the issue of liability. The fact that the showing of an absence of the factual basis for exercise of jurisdiction also tends to show the absence of liability is irrelevant, cannot in any way limit the right of defendant to establish the non-existence of the essential jurisdiction fact. If A, a resident of Texas, sues B, a resident of Oklahoma, in a Texas court, alleging that B struck A in the head with a hatchet in Texas and B, in the hearing held for the purpose of determining the validity of his challenge to the jurisdiction of the Texas court, establishes that he did not hit A in the head with a hatchet, it cannot be said that the Texas court has jurisdiction over B because the question of whether or not B struck A with a hatchet also is an issue necessarily involved in determining whether B is liable to A for an assault. To so hold would effectively bar defendant's right to challenge the jurisdiction of the Texas court by showing that he committed no act in Texas which would justify the assertion of jurisdiction over his person by the Texas court.

The judgment of the trial court is affirmed.

REEVES, Justice, dissenting.

I respectfully dissent from the majority opinion and would hold Robert E. Aulbach amenable to jurisdiction by our courts.

The burden is on Aulbach to prove that he is not amenable to process by Texas courts. *Smith v. Reynolds*, 533 S.W.2d 861, 862 (Tex.Civ.App.—San Antonio 1976, no writ). He must overcome the jurisdictional allegations in the plaintiff's pleadings either by showing their insufficiency or negating the facts alleged. *TM Productions, Inc. v. Blue Mountain Broadcasting Co.*, 623 S.W.2d 427, 432 (Tex.Civ.App. —Dallas 1981), *writ ref'd n.r.e. per curiam*, 639 S.W.2d 450 (Tex.1982).

> The words "not amenable to process issued by the courts of this State" can only be interpreted to mean that the special appearance is available solely to establish that the Texas court cannot, under the federal and state constitutions and the appropriate state statutes, validly obtain jurisdiction over the person or the property of the defendant with regard to the cause of action pled. Defective service or defective process, or even an attempt to bring the defendant before the court under the wrong statute does not authorize the use of the special appearance. If the defendant attempts to make a special appearance to raise any of these contentions, then his appearance is a general one and the rule of *York v. State* applies to him with full force.

*TM Productions, Inc. v. Blue Mountain Broadcasting Co.*, *supra*, at 430, *quoting*, Thode, "In Personam Jurisdiction; Article 2031b, The Texas 'Long Arm' Jurisdiction Statute; and the Appearance to Challenge Jurisdiction in Texas and Elsewhere," 42 TEX.L.REV. 279, 312–13 (1964).

Aulbach failed to meet this burden. He failed to show he did not perform the alleged acts in Texas. The evidence is undisputed that he did transact business in Texas with Meriwether & Associates. However, he argues that since he performed them while holding the status of agent for Robach, Inc., that he is not liable for damages and thus not amenable to our jurisdiction. The question of Aulbach's individual liability is one for trial on the merits, not a rule 120a hearing. In a jurisdictional hearing, the question is whether Aulbach submitted himself to the jurisdiction of our courts under the requirements stated in *O'Brien v. Lanpar Co.*, 399 S.W.2d 340, 342 (Tex.1966). To determine at a jurisdictional hearing whether Aulbach acted only as an agent within the scope of his duties while he was working in Texas is to determine a material issue on the merits. The trial court must look to whether Aulbach, in any capacity, transacted business in the State of Texas. In *Arterbury v. American Bank & Trust Co.*, 553 S.W.2d 943, 948 (Tex.Civ.App.—Texarkana 1977, no writ), the court stated that the ultimate issue of liability in tort is not a jurisdictional issue. "The act or omission within the state is a sufficient basis for the exercise of jurisdiction *to determine whether or not the act or omission gives rise to liability in tort.*" *Id.* We believe the statement holds true for contractual liability as well as for individual liability of a party.

The majority is stepping ahead of itself by determining liability at a jurisdictional hearing. "[T]here must be only a showing of the act on which jurisdiction is predicated, not a *prima facie* demonstration of the existence of a cause of action." *Id.*, at 947; *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 490–91 (5th Cir.1974). On affirmatively determining that preliminary point, the court then must proceed to a determination of liability at trial on the merits, at which time Aulbach may present his defensive issue of agency.

Aulbach failed to prove he is not amenable to process by Texas courts. He admits he performed the acts from which the cause of action arises. To demand that Aulbach defend himself in our forum does not offend traditional notions of fair play and substantial justice. I believe Aulbach is amenable to process by the Texas courts and would reverse the judgment of the trial court which sustains Aulbach's objection to the jurisdiction.