Reversed and Remanded and Memorandum Opinion filed July 26, 2005














Reversed and Remanded and Memorandum Opinion filed
July 26, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01159-CV

____________

 

RIC
SCHUMAN, GREAT NORTHERN CAPITAL, INC., AND 

WALL STREET PARTNERS, INC. Appellants

 

V.

 

TSP
DEVELOPMENT, LIMITED, Appellee

_________________________________________________________________

 

On Appeal from the 113th District Court

Harris County,
Texas

Trial Court Cause No. 04-48596

_________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal
from the trial court=s order denying
the special appearances of three nonresidents. 
We reverse the trial court=s order
and remand this case with instructions to dismiss for lack of personal
jurisdiction.








I.  Factual and Procedural Background

Appellee, TSP Development,
Limited (ATSP@),
alleges that on or about December 24, 2003, it entered into a consulting
agreement with appellants, Ric Schuman, a resident of Florida, Great Northern
Capital, Inc., a Florida corporation, and Wall Street Partners, Inc., a Georgia
corporation (collectively, the AConsultants@).  The Consultants allegedly received $12,500
from TSP and allegedly failed to perform any of the services required by the
consulting agreement.  TSP sued them for
breach of contract.  The Consultants
filed special appearances contesting personal jurisdiction.  After a hearing at which the parties
presented no evidence, the trial court denied the special appearances.[1]  In this interlocutory appeal, the Consultants
challenge the trial court=s
jurisdictional ruling.

II.  Standard of Review








Whether the Consultants are
subject to personal jurisdiction in Texas
is a question of law subject to de novo review. 
See BMC
Software Belgium, N.V. v.
Marchand, 83 S.W.3d
789, 794 (Tex.
2002).  The trial court did not issue
any findings of fact or conclusions of law. 
Therefore, all facts necessary to support the trial court=s ruling
and supported by the evidence are implied in favor of the trial court=s
decision.  Id. at 795.  Parties may challenge the legal and factual
sufficiency of these implied factual findings. 
Id.  In conducting a no-evidence analysis, we
review the evidence in the light most favorable to the challenged finding and
indulge every reasonable inference that would support it.  See City of Keller v. Wilson, __
S.W.3d __, __, No. 02-1012, 2005 WL 1366509, at *10 (Tex. June 10, 2005).  We must credit favorable evidence if a
reasonable factfinder could do so and disregard contrary evidence unless a
reasonable factfinder could not do so.  See
id., __ S.W.3d at __, 2005 WL 1366509, at *14.  We must determine whether the evidence at
trial would enable reasonable and fair-minded people to find the facts at
issue.  See id.  The factfinder is the sole judge of the
credibility of the witnesses and the weight of their testimony.  See id., __ S.W.3d at __, 2005
WL 1366509, at *8.  This court must
sustain a no-evidence challenge if the record shows any one of the following:
(1) a complete absence of a vital fact; (2) rules of law or evidence bar the
court from giving weight to the only evidence offered to prove a vital fact;
(3) the evidence offered to prove a vital fact is no more than a scintilla; or
(4) the evidence establishes conclusively the opposite of the vital fact.  See id. __ S.W.3d at __, 2005
WL 1366509, at *2.

When reviewing a challenge to the
factual sufficiency of the evidence, we examine the entire record, considering
both the evidence in favor of, and contrary to, the challenged finding.  Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).  After considering and weighing all the
evidence, we set aside the fact finding only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.  Pool v. Ford Motor Co., 715 S.W.2d 629,
635 (Tex.
1986).  The trier of fact is the sole
judge of the credibility of the witnesses and the weight to be given to their
testimony.  GTE Mobilnet of S. Tex. v.
Pascouet, 61 S.W.3d 599, 615B16 (Tex.
App.CHouston
[14th Dist.] 2001, pet. denied).  We may not
substitute our own judgment for that of the trier of fact, even if we would
reach a different answer on the evidence. 
Mar. Overseas Corp. v. Ellis, 971 S.W.2d 402, 407 (Tex. 1998).  The amount of evidence necessary to affirm a
judgment is far less than that necessary to reverse a judgment. GTE Mobilnet,
61 S.W.3d at 616.

III. 
Analysis and Discussion








In two issues, the Consultants challenge the trial court=s implied findings of specific and
general jurisdiction and its denial of their special appearances.  The Texas
long-arm statute governs Texas
courts= exercise
of jurisdiction over nonresident defendants. 
Tex. Civ. Prac. & Rem. Code
Ann. '' 17.041B.045 (Vernon 1997); Guardian Royal Exch. Assur., Ltd. v. English China
Clays, P.L.C., 815 S.W.2d 223, 226 (Tex. 1991). 
It allows courts to exercise personal jurisdiction as far as the federal
constitutional requirements of due process will permit. See BMC Software,
83 S.W.3d at 795.  Thus, we rely on
precedent from the United States Supreme Court and from other federal courts,
as well as Texas
decisions, in determining whether a nonresident defendant has shown that the
exercise of personal jurisdiction violates federal due process guarantees.  Id.

Personal jurisdiction over a nonresident defendant is
constitutional when two conditions are met: (1) the defendant has established
minimum contacts with the forum state, and (2) the exercise of jurisdiction
comports with traditional notions of fair play and substantial justice.  Id.  A nonresident defendant that purposefully has
availed itself of the privileges and benefits of conducting business in Texas has sufficient contacts to allow Texas courts to exercise personal
jurisdiction over the nonresident.  Id.  Although not determinative, foreseeability is
an important consideration in deciding whether the nonresident defendant
purposefully has established minimum contacts with Texas. 
Id.  The concept of foreseeability is implicit
in the requirement that there be a substantial connection between the
defendants and Texas arising from their
conduct purposefully directed toward Texas.  See Guardian Royal, 815 S.W.2d at
227.  A defendant should not be subject
to a Texas
court=s jurisdiction based upon random,
fortuitous, or attenuated contacts.  BMC
Software, 83 S.W.3d at 795.  

A.        Did the
Consultants waive their special appearances?








In its response to the Consultants= special appearances, TSP alleged the
Consultants waived their special appearances in Texas state court by appearing and
submitting to the jurisdiction of a federal bankruptcy court in a bankruptcy
proceeding allegedly involving TSP and the Consultants.  When a case has been removed from state court
to federal court and remanded back to state court, a party waives its objection
to the state court=s personal jurisdiction when it answers in federal court
without objecting to the federal court=s jurisdiction over it.  See Velco Chems. Inc. v. Polimeri
Europa Ams., Inc., No. 14-03-00395-CV, 2004 WL 1965643, at *4B5 (Tex. App.CHouston [14th Dist.] Sept. 7, 2004,
no pet.) (mem. op.).  Our record,
however, shows that this case has been in Texas state courts since its filing.  Further, there is no evidence in the record
relating to any alleged waiver of personal jurisdiction in federal bankruptcy
court.  Accordingly, the trial court
erred to the extent it impliedly found that the Consultants waived their
special appearances.

B.        Did the trial court properly conclude that it could exercise
personal jurisdiction over the Consultants based on specific jurisdiction?

 

In conducting a specific-jurisdiction analysis, we focus on
the relationship among the defendants, Texas,
and the litigation.  See Guardian
Royal, 815 S.W.2d at 228.  Specific
jurisdiction exists if TSP=s claims against the Consultants arise from or relate to
their purposeful contacts with Texas.  See Am. Type Culture Collection, Inc. v.
Coleman, 83 S.W.3d 801, 806 (Tex.
2002).  TSP satisfied its initial burden
of pleading allegations sufficient to bring the Consultants, all nonresidents,
within the provisions of the long-arm statute. 
See id. at 807.  Therefore,
the Consultants had the burden to negate all bases of personal jurisdiction
alleged by TSP.  Id.

When reaching a decision to exercise or decline jurisdiction,
the trial court should rely only on the necessary jurisdictional facts and
should not reach the merits of the case. 
Baldwin v. Household Int=l, Inc., 36 S.W.3d 273, 277 (Tex. App.CHouston [14th Dist.] 2001, no
pet.).  However, if the court=s jurisdiction hinges on the fact
that the Consultants entered into a contract with TSP, a resident of Texas, to
be performed in whole or in part by either party in Texas, the Consultants can
defeat the attempted exercise of jurisdiction by a Texas court by proving that
they did not enter into such a contract with TSP.  See Ross F. Meriwether & Assocs., Inc.
v. Aulbach, 686 S.W.2d 730, 732 (Tex. App.CSan Antonio 1985, no writ.) 








TSP alleged in its petition that the Consultants are subject
to specific jurisdiction in Texas because the
consulting agreement was executed in Texas
and performable in Harris County, Texas. 
In its petition, TSP stated that a copy of the consulting agreement was
attached to the pleading.  However, the
petition in our record has no documents attached.  In support of their special appearances, the
Consultants each filed supporting affidavits that stated they had never entered
into any contract that was performable in whole or in part in Texas. 
Although TSP filed a response, it submitted no evidence to the trial
court regarding the Consultants= special appearances.

After carefully reviewing the
record, we conclude the evidence conclusively proves that TSP=s claims
against the Consultants do not arise from or relate to the Consultants=
purposeful contacts with Texas.  Contrary to TSP=s
allegations in its original petition, our record does not contain any evidence
that the Consultants entered into a contract that was performable in whole or
in part in Texas.  In addition, the Consultants, in each of
their affidavits, negated all bases for specific jurisdiction alleged by TSP.  Based on the record before us, we conclude
that the evidence is legally insufficient to support an implied finding by the
trial court that the Consultants are subject to specific jurisdiction in Texas
as a result of the consulting agreement being executed and performable in
Texas.

C.        Did the trial court properly conclude
that it could exercise personal jurisdiction over the Consultants based on
general jurisdiction?

 








General jurisdiction implicates a
more demanding minimum-contacts analysis, requiring a showing that the
defendants conducted substantial activities within the forum.  CSR, Ltd. v. Link, 925 S.W.2d 591, 595
(Tex.
1996).  General jurisdiction exists when
a defendant has Acontinuous and systematic general business contacts@ with Texas
so that Texas courts may exercise personal
jurisdiction over the defendant even if the plaintiff=s claims did not arise from or relate
to the defendant=s activities purposefully directed to Texas. See Helicopteros Nacionales de
Colombia, S.A. v Hall, 466 U.S.
408, 414B16, 104 S. Ct.
1868, 1872B73, 80 L. Ed. 2d 404 (1984); Am. Type Culture Collection, 83 S.W.3d at 809B10. In conducting a general-jurisdiction
analysis, we are concerned with the quality rather than the quantity of the
contacts.  See Am. Type Culture Collection, Inc., 83 S.W.3d at 809B10.  In assessing the quality of the contacts, we
do not review each contact in isolation. 
See id. at 809.  We
carefully investigate, compile, sort, and analyze all contacts to determine if
together they are sufficient to support general jurisdiction.  Id.

TSP did not present the trial court with any evidence
relating to these personal jurisdiction issues.  In support of their special appearances, the managing
director of Great Northern and the managing member of Wall Street Partners each
filed supporting affidavits, which state, among other things, that Great
Northern and Wall Street Partners have:

!                  
never sought to
do business or maintained an office in Texas;

!                  
never owned or
leased property in Texas;

!                  
never maintained
a mailing address or telephone number in Texas;

!                  
never solicited Texas residents for any
purpose nor have any of their employees on their behalf;

!                  
not purposefully
established any contacts with any person or entity in Texas nor have any of their employees on
their behalf;

!                  
never had
continuous or systematic contacts with Texas
nor have any of their employees on their behalf;

!                  
never done business
in Texas; and


!                  
never entered
into a contract to do any business in Texas
nor have any of their employees on their behalf.

In support of his special appearance, Schuman filed a
supporting affidavit, which states, among other things, that Schuman has:

!                  
never resided or
maintained a residence in Texas;

!                  
never owned or
leased property in Texas;

!                  
never maintained
an office, mailing address, or telephone number in Texas; 

!                  
never advertised
in Texas;

!                  
never solicited a
Texas
resident for any purpose;

!                  
not purposefully
established any contacts with any person or entity in Texas; and

!                  
never had
continuous or systematic contacts with Texas
or anyone in Texas.

 








After carefully reviewing the
record, we conclude the evidence conclusively proves that the Consultants do
not have continuous and systematic general business contacts with Texas.  Our record does not contain any evidence that
the Consultants have conducted business in Texas
or had continuing contacts with Texas.  In addition, the Consultants, in each of
their affidavits, conclusively negated any basis for general jurisdiction.  Therefore, based on the record before us, we
conclude that the evidence is legally insufficient to support an implied
finding by the trial court that it could exercise personal jurisdiction over
the Consultants under a general-jurisdiction theory.

IV.  Conclusion

The Consultants did not waive
their special appearances.  The evidence
before the trial court conclusively proves that TSP=s
breach-of-contract claim does not arise from or relate to the Consultants=
purposeful contacts with Texas
and thus provides no basis for specific jurisdiction.  Moreover, the evidence conclusively shows
that the Consultants have not established continuous and systematic general
business contacts with Texas
to support general jurisdiction. 
Therefore, the trial court erred in denying the Consultants= special
appearances.  Accordingly, we sustain the
Consultants= two issues, reverse the trial
court=s order
denying their special appearances, and remand this case to the trial court with
instructions to dismiss the claims against the Consultants for lack of personal
jurisdiction.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed July 26, 2005.

Panel consists of Chief Justice Hedges and Justices Fowler and Frost.

 

 











[1]  In the
statement of facts in their appellate brief, the Consultants assert that no
evidence was offered at the special-appearance hearing.  TSP has not filed an appellate brief and has
not contradicted this factual assertion. 
Accordingly, we accept it as true. 
See Tex. R. App. P. 38.1(f).